IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MARY ANN ZDON, | |
| Plaintiff, | Case No. 6:15-cv-881-PA |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | ORDER |
| Defendant. | |

**PANNER, District Judge**:

Pro se Plaintiff Mary Ann Zdon brings this action for judicial review of the Commissioner's final decision to deny benefits under the Social Security Act. The Commissioner moves to dismiss the complaint because final judgment has been entered against Plaintiff on the same claims in an action she filed in the U.S. District Court for the Southern District of Florida.

I grant the Commissioner's motion to dismiss for lack of subject matter jurisdiction.

### BACKGROUND

In October 2009, Plaintiff, who was then living in Florida, applied for Disability Insurance Benefits and Supplemental Security Income. Plaintiff claimed she had been disabled since February 2007 because of chronic pain from degenerative disc disease and a severe jaw disorder.

1 - ORDER

Plaintiff's application for benefits was denied initially and on reconsideration. The Administrative Law Judge (ALJ) set a hearing in March 2012 and sent Plaintiff a notice on the time and place of the hearing. After Plaintiff did not appear for the hearing, the ALJ dismissed Plaintiff's application.

Plaintiff appealed the dismissal to the Appeals Council, stating that she had missed the hearing because she was working in Saudi Arabia as an English teacher. The Appeals Council remanded for the ALJ to determine whether Plaintiff had good cause for failing to appear.

On June 6, 2013, the ALJ held a hearing in West Palm Beach, Florida, on the merits of Plaintiff's claim for benefits. Plaintiff appeared and testified without assistance from an attorney.

On June 28, 2013, the ALJ issued a decision denying Plaintiff's claim for benefits. In September 2013, the Appeals Council denied Plaintiff's request for review. In December 2013, the Appeals Council set aside the initial denial of review to consider Plaintiff's allegations that the ALJ had "blatantly lied," defamed her, and asked racist questions. Chung Decl., Ex. 2, at 2, ECF No. 12-2. The Appeals Council determined that the ALJ did not abuse his discretion and again denied Plaintiff's request for review.

In November 2013, Plaintiff, now represented by attorneyl Katherine Palacios-Paredes, timely filed a civil action in the U.S. District Court for the Southern District of Florida, seeking judicial review of the denial of benefits. After the issues were fully briefed, on March 30, 2015, the district court affirmed the Commissioner's decision to deny benefits. Chung Decl., Ex. 3, ECF No. 12-2. On March 31, 2015, the district court entered judgment accordingly.

In the meantime, Plaintiff had moved to Coos Bay, Oregon. Plaintiff submits a letter she received from her attorney, Palacios-Paredes, dated April 6, 2015, and addressed to Plaintiff in Coos Bay. In the letter, Palacios-Paredes stated that she no longer represented Plaintiff, and noted that U.S. District Court for the Southern District of Florida had "recently denied" Plaintiff's action for judicial review of the Commissioner's final decision. Palacios-Parades warned Plaintiff "that you have a limited amount of time to appeal your federal district court case to the Court of

2 - ORDER

Appeals, so you should consult with an attorney to ensure you preserved your rights accordingly." Pl.'s Resp., Ex. 1, ECF No. 13-1.

In Plaintiff's handwritten notes on the copy of Palacios-Paredes's letter in the record here, Plaintiff states that she "relieved [Palacios-Parades] of duty" because "the case was moved to Oregon" and because Palacios-Parades's mother works as an ALJ in the Southern District of Florida. *Id.*

Plaintiff did not file a notice of appeal from the judgment of the U.S. District Court for the Southern District of Florida. Def.'s Mot. at 3, ECF No. 12. Instead, on May 21, 2015, Plaintiff filed the current action pro se in this court. In her complaint here, Plaintiff seeks judicial review of the Commissioner's 2013 decision to deny benefits. Pl.'s Compl., ECF No. 2. With the complaint, Plaintiff attached a copy of the judgment and order from the U.S. District Court for the Southern District of Florida affirming the Commissioner's denial of benefits.

## LEGAL STANDARDS

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). The court may consider evidence outside the pleadings to resolve factual disputes. *Id.* The party asserting jurisdiction has the burden of proving subject matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The court should construe the pleadings of a pro se litigant more leniently than those of a lawyer. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). A pro se plaintiff should be given leave to amend the complaint unless an amendment could not cure the complaint's deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

## DISCUSSION

### This Court Lacks Subject Matter Jurisdiction

After the U.S. District Court for the Southern District of Florida entered judgment on

March 31, 2015, affirming the Commissioner's denial of benefits, Plaintiff had 60 days to file a notice of appeal from the judgment. *See* Fed. R. App. P. 4(a)(1)(B); *Sanford-Murray v. Astrue*, No. 3:11–cv–01049–SI, 2013 WL 54018, at *1 (D. Or. Jan. 3, 2013). The appeal should have been to the Eleventh Circuit Court of Appeals, which includes Florida. *See* 28 U.S.C. § 41 (composition of the circuit courts); 28 U.S.C. § 1294(1) (appeals from district courts "shall be taken to . . . the circuit embracing the district").

Instead of filing a notice of appeal, however, Plaintiff filed the current action in this court, seeking review of the denial of benefits even though the U.S. District Court for the Southern District of Florida had already issued a final judgment resolving that issue. This court lacks jurisdiction over Plaintiff's action because the Florida district court judgment was a final decision, meaning that only the Eleventh Circuit Court of Appeals had jurisdiction to review that final decision. *See Gelboim v. Bank of America Corp.*, 135 S. Ct. 897, 902 (2015) (28 U.S.C. § 1291 "gives the courts of appeals jurisdiction over appeals from 'all final decisions of the district courts of the United States'") (quoting 28 U.S.C. § 1291). This court cannot review the final decision of another federal district court. *See Powell v. U.S. Gov't*, 23 F. App'x. 674, 674 (9th Cir. 2001) ("the district court lacked jurisdiction to review a final decision of another United States District Court") (citing 28 U.S.C. § 1294).

To the extent that Plaintiff asks this court to review the Commissioner's denial of benefits, rather than the district court judgment, this court lacks jurisdiction. Plaintiff filed her complaint in this court more than 60 days after the Commissioner's decision became final in 2013. *See* 42 U.S.C. § 405(g) (setting time limits for seeking judicial review).

Plaintiff asserts that her case "has not been heard on a Federal level." Pl.'s Resp. at 1, ECF No. 13. But the U.S. District Court for the Southern District of Florida issued a final judgment on March 31, 2015, resolving Plaintiff's request for judicial review of the Commissioner's decision to deny benefits.

Plaintiff cites the letter from her former attorney to show "that this case is still open for an

appeal on a Federal level." *Id.* When the letter was sent, April 6, 2015, the time to appeal the Florida district court judgment to the Eleventh Circuit Court of Appeals had not yet expired. Now, however, the 60- day period to appeal that judgment has expired. The limited exceptions to the strict time limits for filing a notice of appeal do not apply here. *See Vahan v. Shalala,* 30 F.3d 102, 103 (9th Cir. 1994) (citing Fed. R. App. P. 4(a)(5), 4(a)(6)). Nor has Plaintiff shown grounds for equitable tolling. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (for equitable tolling to apply, party would need to show that she has been pursuing her rights diligently, and that some extraordinary circumstance stood in her way); *Hensley v. United States,* 531 F.3d 1052, 1057–58 (9th Cir. 2008) (equitable tolling did not apply when due diligence not exercised and no fraud or trickery caused the late filing).

This court lacks subject matter jurisdiction over Plaintiff's complaint. No amendment could cure this defect.

## CONCLUSION

The Commissioner's motion to dismiss (#12) is granted. Plaintiff's motion for appointment of counsel (#3) is denied. This action is dismissed without prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED this 16 day of November, 2015.

OWEN M. PANNER
U.S. DISTRICT JUDGE